IN RE: APPLICATION OF B. C. RAYNOR; ROBERT A. BRYAN, W. JOSEPH BRYAN, FLORA BRYAN, ALICE B. JOHNSON, JOHN G. PECK, PAMELA R. PECK; JOSEPH C. PLEASANTS, AND CAROLYN H. PLEASANTS v. B. C. RAYNOR, BOARD OF ALDERMEN OF THE TOWN OF GARNER, AND THE TOWN OF GARNER, NORTH CAROLINA

No. 8810SC1059

(Filed 6 June 1989)

1. **Municipal Corporations § 30.6 — conditional use permit to build mobile home park — meeting without notice to petitioners — application amended — amendment favorable to petitioners**

Where respondent sought a conditional use permit to construct a mobile home park on his property, a public hearing was held to discuss the application, issues raised at the public hearing were discussed at several regularly scheduled meetings of the Board of Aldermen, and respondent suggested adding two more conditions to his application at one of these meetings, there was no merit to petitioners' contention that respondent's appearance before the aldermen without notice to them and without their presence was an improper presentation of evidence and was a denial of their right to cross-examine witnesses and present evidence at every stage of the review proceedings, since the procedural requirements established by the Town specifically allowed an applicant for a conditional use permit to amend his application based upon events at the required public hearing, and respondent was simply attempting to address several concerns voiced at the hearing by adding two more conditions to his application; the conditions proposed by respondent were beneficial to petitioners; and the offer of two additional conditions to be placed upon an application for a conditional use permit was not an introduction of evidence.

IN RE APPLICATION OF RAYNOR

[94 N.C. App. 173 (1989)]

**2. Appeal and Error § 7— landowners potentially harmed by construction of mobile home park—standing to appeal**

As individual landowners whose property would be potentially harmed in value by respondent's mobile home court, petitioners had standing to raise in superior court the question as to whether proper procedure had been followed in the hearings before the Board of Aldermen, and petitioners had standing on appeal.

APPEAL by plaintiffs from *Stephens, Judge.* Order entered 15 June 1988 in Superior Court, WAKE County. Heard in the Court of Appeals 18 April 1989.

On 21 September 1982 the Town of Garner zoned property owned by Dr. Bobby Raynor R-5, which allows the construction of mobile home parks if a conditional use permit is granted by the Town.

On 20 March 1987 Dr. Raynor applied for a conditional use permit to build a mobile home park on his property. Petitioners filed a petition with the Town to "down-zone" Dr. Raynor's property from R-5 to R-40 (which would only allow single-family residential homes to be placed on lots with a minimum square footage of 40,000 feet). The Garner Planning Board and Board of Aldermen held a joint public hearing to discuss the application of Dr. Raynor and the petition to down-zone his property.

No decision was made at the public hearing either to down-zone Dr. Raynor's property, or to grant his application. The issues raised at the public hearing, however, were discussed at several regularly scheduled meetings of the Aldermen. One of these meetings was held on 31 August 1987 and Dr. Raynor proposed adding two more conditions to his application to address concerns expressed at the public hearing. Petitioners were not present at this meeting of the Aldermen, and they were not informed of the proposed additional conditions.

The Board of Aldermen voted to approve Dr. Raynor's conditional use permit and to deny petitioners' request to down-zone his property at a public meeting held on 8 September 1987. Petitioners were present at this meeting, and only then did they learn that Dr. Raynor had offered two additional conditions to his application.

**IN RE. APPLICATION OF RAYNOR**

[94 N.C. App. 173 (1989)]

Petitioners petitioned the superior court for a writ of certiorari to review the granting of Dr. Raynor's conditional use permit by the Aldermen. Judge Donald Stephens granted the writ, but subsequently granted a motion for summary judgment by defendants. From that judgment, petitioners appeal.

*Hunter, Wharton & Lynch, by John V. Hunter III, for petitioner appellants.*

*Hatch, Little & Bunn, by David H. Permar and Catherine Thompson-Rockermann, for respondent appellee B. C. Raynor.*

*DeBank, McDaniel, Heidgerd, Holbrook & Anderson, by William E. Anderson, for appellee Town of Garner.*

ARNOLD, Judge.

[1] Petitioners contend that all interested persons are entitled to a fair opportunity to be heard in quasi-judicial proceedings, and their right to be heard was denied when Dr. Raynor attended the meeting of the Aldermen without notice to petitioners.

Pursuant to N.C.G.S. § 160A-381 any city may regulate the areas within its jurisdiction through zoning ordinances.

> The [zoning] regulations may . . . provide that the board of adjustment or the city council may issue special use permits or conditional use permits in the classes of cases or situations and in accordance with the principles, conditions, safeguards, and procedures specified therein . . . . When issuing or denying special use permits or conditional use permits, the city council shall follow the procedures for boards of adjustment . . ., and every such decision of the city council shall be subject to review by the superior court by proceedings in the nature of certiorari.

N.C.G.S. § 160A-381.

" '[I]n passing upon an application for a special permit, a [Board of Aldermen] may not violate at will the regulations it has established for its own procedure; it must comply with all provisions of the applicable ordinance.' " *Piney Mt. Neighborhood Assoc. v. Town of Chapel Hill,* 63 N.C. App. 244, 253, 304 S.E. 2d 251, 256 (1983) (quoting *Refining Co. v. Board of Aldermen,* 284 N.C. 458, 202 S.E. 2d 129, 135 (1974) ).

IN RE APPLICATION OF RAYNOR

[94 N.C. App. 173 (1989)]

Hearing procedures for appeals and applications to the Board of Aldermen established by the Town of Garner read in pertinent part:

*Section 101. Hearing Required on Appeals and Applications.*

(b) While a public hearing is not routinely required to obtain a CUP [conditional use permit], a public hearing may be called for by the Administrator to consider a CUP application if he determines that it involves:

\* \* \* \*

(3) A development of land, regardless of its size, if it has the potential to pose peculiar traffic or other public safety, health or welfare impacts to surrounding properties, or if it is likely to have other impacts that differ substantially from those presented by other uses that are permissible in the zoning district in question.

\* \* \* \*

*Section 104. Modification of Application at Hearing.*

(a) The applicant may agree to modify his application, including the plans and specifications submitted, in response to questions or comments by persons appearing at the hearing or to suggestions or recommendations by the Board of Aldermen or Board of Adjustment.

(b) Unless such modifications are so substantial that the Board cannot reasonably be expected to perceive the nature and impact of the proposed changes without revised plans before it, the Board may approve the application with the stipulation that the permit will not be issued until plans reflecting the agreed upon changes are submitted to the Planning Office.

Concerning the process of review of an application for a special use permit, this Court has stated:

When a town council conducts a quasi-judicial hearing to determine facts prerequisite to issuance of a permit, it can dispense with no essential element of a fair trial. The applicant must have the opportunity to give evidence, cross-examine witnesses, and inspect documents; and unsworn statements may not be used to support findings absent waiver or stipulation.

**IN RE APPLICATION OF RAYNOR**

[94 N.C. App. 173 (1989)]

*Neighborhood Assoc.,* 63 N.C. App. at 254, 304 S.E. 2d at 257 (quotations and citations omitted).

Petitioners argue that Dr. Raynor's appearance before the Aldermen without notice to petitioners, and without their presence, was an improper presentation of evidence to the Board. Further, they contend that their right to cross-examine witnesses and present evidence at every stage of the review proceedings was denied by Dr. Raynor's actions. We disagree.

First, the procedural requirements established by the Town of Garner specifically allow an applicant for a conditional use permit to amend his application based upon events at the required public hearing. Dr. Raynor was simply attempting to address several concerns voiced at the hearing by his two conditions which are as follows:

(a) Applicant will comply with any transportation facility fee ordinance in effect at the time building permits are issued. If no transportation facility fee ordinance is in effect at the time building permits are issued, then the applicant will pay $10 per unit to the Town of Garner, which sums shall be used for improvements to the intersection of Ackerman Road and Hebron Church Road.

(b) The exact number of units will be adjusted, either up or down, to ensure that no units are located in the floodway and that all units are located above the 100-year flood level.

Second, the conditions proposed by Dr. Raynor were beneficial to petitioners. Petitioners cannot claim with merit that they were harmed by the voluntary addition of the two conditions by Dr. Raynor.

Finally, we conclude that the offer of two additional conditions to be placed upon an application for a conditional use permit is not an introduction of evidence. Municipal boards are not strictly bound by the formal rules of evidence, which is in accordance with their quasi-judicial nature. *See Burton v. New Hanover City Zoning Bd.,* 49 N.C. App. 439, 271 S.E. 2d 550 (1980), *cert. denied,* 302 N.C. 217, 276 S.E. 2d 914 (1981). All that is required is that the party whose rights are being determined has the opportunity to cross-examine adverse witnesses and to offer evidence in support of his position and in rebuttal of his opponents' contentions. *Id.* Evidence, as a conceptual element of proof, is "any matter of fact, the effect, tendency, or design of which is to produce in the mind

IN RE APPLICATION OF RAYNOR

[94 N.C. App. 173 (1989)]

a persuasion of the existence or nonexistence of some matter of fact." Black's Law Dictionary, 4th Ed.

Dr. Raynor was not trying to prove any fact or show that his proposed mobile home park would be anything other than what petitioners claimed it would be. His voluntary amendment of his application was only an alteration of his planned park to make the development more acceptable to petitioners.

[2] In responding to petitioners' arguments on appeal, defendants argue that petitioners have no standing in superior court, and thus no standing on appeal.

Only aggrieved parties may appeal the denial or grant of a conditional use permit. *Pigford v. Bd. of Adjustment*, 49 N.C. App. 181, 270 S.E. 2d 535 (1980), *disc. rev. denied*, 301 N.C. 722, 274 S.E. 2d 230 (1981). In *Neighborhood Assoc.* this Court held that a property association had standing to seek judicial review of a municipality approval of a special use permit. 63 N.C. App. 244, 304 S.E. 2d 251. Justice Whichard (then Judge) stated that "[I]f the individual members [of the Association] were the petitioners here, they would clearly have an interest in the property affected by the housing project as residents of the neighborhood where the project is to be located, and they would be potentially aggrieved by any decline in the use or value of their property that resulted from the housing project." *Id.* at 247, 304 S.E. 2d at 253; *compare*, *Pigford*, 49 N.C. App. 181, 270 S.E. 2d 535. We conclude, therefore, that as individual landowners whose property would be potentially harmed in value by Dr. Raynor's mobile home court, petitioners had standing to bring this matter before the superior court and thus have standing on appeal.

No error.

Judges GREENE and LEWIS concur.