COOK v. UNION CTY. ZONING BD. OF ADJUST.

[185 N.C. App. 582 (2007)]

GLENN AND JESSICA COOK; CHARLES AND GERALDINE FRANK; GEORGE AND PHYLLIS HENDRY; NATHAN AND LISA MURPHY; BYRON NESBIT; KELLY AND JENIFER RUBOTTOM; AND UNION COUNTY, A BODY POLITIC AND CORPORATE OF THE STATE OF NORTH CAROLINA, PETITIONERS v. UNION COUNTY ZONING BOARD OF ADJUSTMENT, RESPONDENT, AND WAL-MART STORES EAST, INC.; AND WAL-MART REAL ESTATE BUSINESS TRUST, INTERVENOR RESPONDENTS

No. COA06-1153

(Filed 4 September 2007)

**1. Zoning— appeal of special use permit—county as aggrieved person**

Union County did not need to show that it is an aggrieved person to have standing to appeal to superior court the decision of the Union County Board of Adjustment granting a special use permit. The statute setting forth the powers and duties of a board of adjustment indicate that such an appeal is permitted, and respondents cited no case or authority prohibiting a county from appealing a decision by its own board of adjustment.

**2. Zoning— appeal of special use permit—adjoining landowners—standing**

Adjoining landowners had standing to appeal to superior court the issuance of the special use permit for the construction of a Wal-Mart Store on a tract in a planned unit development. The evidence showed that they had suffered special damages which are unique in character and quantity and distinct from those inflicted upon the community at large, including a reduction in the values of their properties.

**3. Zoning— special use permit—county and adjoining landowners—status as parties**

Petitioners Union County and adjoining landowners were not required to make a motion before the board of adjustment or superior court to intervene as parties in an action involving a special use permit issued to Wal-Mart. No ordinance or statute has been identified indicating an additional procedural step they could have taken to gain status as parties.

**4. Zoning— board of adjustment—rules of procedure**

The board of adjustment was required to follow its own rules of procedure. No authority was found for the proposition that a formal objection needs to be made when a county board of

adjustment fails to follow its own rules; the Rules of Appellate Procedure do not apply to appeals by certiorari to the superior court from a hearing before a county board of adjustment.

## 5. Zoning— board of adjustment hearing—due process rights—presentation of evidence—revised site plan

Petitioners were denied their due process rights to present evidence before a board of adjustment before it made its decision to grant Wal-Mart's special use permit. Wal-Mart's revised site plan and its explanation of that plan were crucial to the board of adjustment's decision, but the board of adjustment essentially cut off the rights of petitioners to present evidence or conduct cross-examination while continuing to hold sessions of the hearing and permitting Wal-Mart to present evidence.

Appeals by respondent Union County Zoning Board of Adjustment (BOA) and intervenor respondents Wal-Mart Stores East, Inc. and Wal-Mart Real Estate Business Trust (Wal-Mart) from a final order entered 25 April 2006 by Judge Christopher M. Collier in Union County Superior Court, vacating the issuance of a special use permit, and from an interlocutory order entered 26 April 2005 denying respondent's and intervenor respondents' motions to dismiss the petitioners' petition for writ of certiorari to the superior court. Heard in the Court of Appeals 28 March 2007.

*Parker, Poe, Adams & Bernstein, LLP, by Benjamin R. Sullivan and Brenton W. McConkey for Petitioner-Appellees Cook, Frank, Hendry, Murphy, Nesbit & Rubottom.*

*Shumaker, Loop & Kendrick, LLP, by William H. Sturges for Petitioner-Appellee, Union County.*

*John T. Burns for Respondent-Appellant, Union County Zoning Board of Adjustment.*

*Guthrie, Davis, Henderson & Staton, PLLC, by John H. Hasty, Kimberly R. Matthews, and Justin N. Davis for Intervenor-Respondent-Appellant, Wal-Mart.*

*Troutman Sanders, LLP, by Ashley H. Story for Intervenor-Respondent-Appellant, Wal-Mart.*

STROUD, Judge.

The dispositive issues in this case are whether petitioners had standing to appeal to superior court the grant of a special use permit

to respondent-intervenor, and whether petitioners were denied due process in the proceedings by which respondent-intervernors' application for a special use permit was granted. We hold that petitioners had standing to appeal, and that they were denied due process in the proceedings. Accordingly, we affirm the trial court order vacating the issuance of the special use permit to Wal-Mart.

## I. Background

Wal-Mart submitted an application for a special use permit (original application) to the BOA on 1 March 2004, seeking to construct a 206,242 square foot retail sales establishment (store) at the corner of Rea Road extension and Tom Short Road on an approximately 31 acre tract of land (tract) in Union County. This tract is located within the Somerset Planned Unit Development (PUD). Individual petitioners Cook, Frank, Hendry, Nesbit, and Rubottom (Somerset citizens)[1] are all landowners whose land adjoins or abuts the store tract. The BOA held a hearing regarding the application, starting on 20 July 2004, with additional sessions on 21 and 22 July, 30 August, 1 September, 4 October, 18 October, and 8 November 2004.[2] Presentation of formal testimony by all parties was completed at the 1 September 2004 hearing. The BOA voted on 1 September 2004 to approve the application, subject to many changes which were discussed during the hearing, and required that Wal-Mart present a revised site plan, at which time the BOA would give its final decision on the issuance of the special use permit.

On 4 October and again with further amendments on 8 November 2004, Wal-Mart submitted a revised site plan (revised application) containing in excess of twenty changes to the project as set forth on the original application. The changes included moving and reorienting the store building to the other side of the tract, reconfiguration of the traffic patterns of the store entrance, addition of a drive-through for the store pharmacy, change of the location of the retention pond, changes to the parking lots, a new lighting plan, new elevations, and a new landscaping plan. On 5 January 2005, the BOA filed its findings of fact, conclusions, and decision regarding the revised application. The Special Use Permit (SUP), issued on 6 January 2005, noted that

1. Petitioners Nathan and Lisa Murphy dismissed their claims with prejudice on 11 February 2005.

2. One of the issues raised in this appeal is whether the superior court erred in finding that the BOA hearing "concluded" on 1 September 2004, as additional sessions to consider Wal-Mart's application were held by the BOA on 4 October, 18 October, and 8 November, 2004.

the revised application was approved on 8 November 2004. Petitioners filed a verified petition for writ of certiorari on 3 February 2005 with the superior court. On 15 March 2005, the superior court granted Wal-Mart's motion to intervene. On 26 April 2005, the superior court denied Wal-Mart's motions to dismiss the petition for certiorari and granted petitioners' motion to amend the petition. The amended petition, filed 28 June 2005, alleged that the BOA erred by issuing the special use permit based upon the revised application including exhibits which were created after the evidentiary hearing ended on 1 September 2004. Specifically, petitioners asserted that the BOA: (1) committed an error of law in that no evidence was heard on the revised application; (2) failed to follow the statutes, common law, and land use ordinance; (3) violated the due process rights of petitioners to offer evidence, cross-examine witnesses, and inspect documents regarding the revised application; (4) did not have competent, material, and substantial evidence in the record to support approval of the revised application; and (5) arbitrarily and capriciously granted the special use permit.

The superior court held a hearing on the petition on 3 March 2006. On 25 April 2006, the superior court vacated the special use permit because: (1) after reviewing the whole record, it concluded that the decision of the BOA was arbitrary, not being supported by competent, material, and substantial evidence; and (2) on de novo review, it concluded that the BOA violated the due process rights of petitioners. Wal-Mart and the BOA appeal.

## II. Issues

Respondents Wal-mart and the BOA argue that the superior court erred in vacating the special use permit. Specifically, they argue that: (1) petitioners lacked standing to appeal the decision of the BOA; (2) petitioners waived all objections to the BOA's "post-decision consideration" (i.e., after 1 September 2004) of permit conditions and therefore did not preserve any right to appellate review; (3) petitioners received due process sufficient to fairly present their petition to the BOA; (4) the BOA's decision was based on sufficient, material, and substantial evidence; and (5) petitioners failed to preserve for appellate review the issues addressed in their cross-assignments of error.

## III. Standards of Review

Each of the three levels—the board of adjustment, the superior court, and this Court—has a particular standard of review. First, the

COOK v. UNION CTY. ZONING BD. OF ADJUST.

[185 N.C. App. 582 (2007)]

board of adjustment sits as the finder of fact in its consideration of the application for a special use permit. *Mann Media, Inc. v. Randolph Cty. Planning Bd.*, 356 N.C. 1, 12, 565 S.E.2d 9, 17 (2002). As finder of fact, a board of adjustment is required to

> follow a two-step decision-making process in granting or denying an application for a special use permit. If an applicant has produced competent, material, and substantial evidence tending to establish the existence of the facts and conditions which the ordinance requires for the issuance of a special use permit, *prima facie* he is entitled to it. If a *prima facie* case is established, a denial of the permit then should be based upon findings contra which are supported by competent, material, and substantial evidence appearing in the record.
>
> The board of adjustment planning board sits in a quasi-judicial capacity when determining whether to grant or deny a special use permit and must insure that an applicant is afforded a right to cross-examine witnesses, is given a right to present evidence, is provided a right to inspect documentary evidence presented against him and is afforded all the procedural steps set out in the pertinent ordinance or statute. Any decision of the town board has to be based on competent, material, and substantial evidence that is introduced at a public hearing.

*Id.*, 565 S.E.2d at 16-17 (internal citations and quotations omitted). A board of adjustment's "findings of fact and decisions based thereon are final, subject to the right of the courts to review the record for errors in law and to give relief against its orders which are arbitrary, oppressive or attended with manifest abuse of authority." *Id.*, 565 S.E.2d at 17 (citation and quotations omitted).

At the second level, upon appeal from a board of adjustment decision by petition for certiorari, the superior court acts as a court of appellate review. *Id.* at 12, 565 S.E.2d at 17. The superior court's task is:

(1) Reviewing the record for errors in law,

(2) Insuring that procedures specified by law in both statute and ordinance are followed,

(3) Insuring that the appropriate due process rights of the petitioner are protected, including the right to offer evidence, cross-examine witnesses and inspect documents,

COOK v. UNION CTY. ZONING BD. OF ADJUST.

[185 N.C. App. 582 (2007)]

(4) Insuring that decisions of . . . boards [of adjustment] are supported by competent, material and substantial evidence in the whole record, and

(5) Insuring that decisions are not arbitrary and capricious.

*Id.* at 13, 565 S.E.2d at 17 (citation omitted).

The type of error assigned determines the standard of review applied by the superior court. If the error assigned is that a board's decision is not supported by the evidence or is arbitrary and capricious, the superior court must apply the whole record test. *Id.* On the other hand, de novo review is appropriate "if a petitioner contends the board's decision was based on an error of law," *id.*, including a contention that the board's proceedings failed to protect the due process rights of a party, *see Piedmont Triad Reg'l Water Auth. v. Sumner Hills, Inc.*, 353 N.C. 343, 348, 543 S.E.2d 844, 848 (2001).

These two standards of review are distinguished from each other as follows:

Under a *de novo* review, the superior court considers the matter anew and freely substitutes its own judgment for the [board's] judgment. When utilizing the whole record test, however, the reviewing court must examine all competent evidence (the "whole record") in order to determine whether the [board's] decision is supported by "substantial evidence." The "whole record" test does not allow the reviewing court to replace the board's judgment as between two reasonably conflicting views, even though the court could justifiably have reached a different result had the matter been before it *de novo.*

356 N.C. at 13-14, 565 S.E.2d at 17-18 (internal citations and quotations omitted). Finally, the superior court "must set forth sufficient information in its order to reveal the scope of review utilized and the application of that review." 356 N.C. at 13, 565 S.E.2d at 17 (citation omitted).

When this Court reviews a superior court's order which reviewed a zoning board's decision, we examine the order to: "(1) determin[e] whether the [superior] court exercised the appropriate scope of review and, if appropriate, (2) decid[e] whether the court did so properly." *ACT-UP Triangle v. Commission for Health Services,* 345 N.C. 699, 706, 483 S.E.2d 388, 392 (1997) (citation and quotations omitted).

COOK v. UNION CTY. ZONING BD. OF ADJUST.

[185 N.C. App. 582 (2007)]

## IV. Standing

" 'Standing typically refers to the question of whether a particular litigant is a proper party to assert a legal position.' " *Higgins v. Simmons*, 324 N.C. 100, 103, 376 S.E.2d 449, 452 (1989) (quoting *State v. Labor and Indus. Review Comm'n*, 136 Wis. 2d 281, 287 n.2, 401 N.W.2d 585, 588 n.2 (1987)). "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction." *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878, *disc. review denied*, 356 N.C. 610, 574 S.E.2d 474 (2002). Standing is a question of law which this Court reviews de novo. *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 51 (2002), *disc. review denied*, 356 N.C. 675, 577 S.E.2d 628 (2003).

### A. Union County

[1] Respondents contend that Union County did not have standing to appeal to the superior court because the County is not an "aggrieved person" on the facts of this case. Respondents further argue that because the Union County Zoning Board of Adjustment is a creation of and an agent of Union County, Union County has no standing to appeal decisions of the Union County BOA as a matter of law.

The statute which governs standing to appeal decisions pursuant to a county zoning ordinance is N.C. Gen. Stat. § 153A-345 (2003)[3] which provides, in pertinent part, that

> (b) The board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with enforcing [a zoning] ordinance. *Any person aggrieved or any officer, department, board, or bureau of the county may take an appeal.*
>
> . . .
>
> (c) The zoning ordinance may provide that the board of adjustment may permit special exceptions to the zoning regulations in classes of cases or situations and *in accordance with the principles, conditions, safeguards, and procedures specified in the ordinance.*
>
> . . .

---

3. N.C. Gen. Stat. § 153A-345 was subsequently revised, but this case is governed by the provisions of the statute in effect at the time the hearing took place.

(e) *Each decision of the board is subject to review by the superior court by proceedings in the nature of certiorari.*

(Emphasis added.)

Subsection (b) of the statute, dealing with appeals to a board of adjustment from the ruling of an administrative official, enumerates the parties who may appeal to a board of adjustment, and this includes "any person aggrieved *or* any officer, department, board, or bureau of the county." [Emphasis added.] Thus, a county, in a category distinct from a "person aggrieved," could appeal a ruling by an administrative official of the county to a board of adjustment.

Further, subsection (c) deals with a board's power to issue special use permits, "in accordance with the principles, conditions, safeguards, and procedures specified in the ordinance." Then, subsection (e) provides that "[e]ach decision of the board is subject to review by the superior court" by certiorari. The statute contains no limitation on the parties who may seek certiorari, and it provides that "[e]ach decision" of a board of adjustment is subject to this review. This would necessarily include review of a board of adjustment decisions under subsection (b), which specifically identifies "any officer, department, board, or bureau of the county" as potential parties. Therefore under N.C. Gen. Stat. § 153A-345, Union County may seek review by certiorari of a decision by its BOA, particularly where the County claims, as here, that the BOA has failed to act "in accordance with . . . *procedures* specified in the ordinance" in the issuance of a special use permit. N.C. Gen. Stat. § 153A-345(c) (emphasis added).

This interpretation of the statute is consistent with *Mize v. County of Mecklenburg*, 80 N.C. App. 279, 341 S.E.2d 767 (1986), which held that the zoning board of adjustment was a necessary party respondent to a petition filed pursuant to N.C. Gen. Stat. § 153A-345(e) even though the County was already a party to the certiorari petition. In *Mize*, the appellant argued that the County was "the only necessary party . . . because the Board of Adjustment has only that authority which has been delegated to it by [the] County and is therefore an agent of [the] County." *Id.* at 282, 341 S.E.2d at 769. However, the *Mize* court noted that

the Board of Adjustment is an independent, quasi-judicial body whose decisions cannot be reviewed or reversed by the Board of Commissioners or the town manager, [and] that instances may

arise where *the position of the Board of Adjustment and the County . . . may be adverse.* The focus of the review under G.S. § 153A-345(e) is on the decision of the Zoning Board of Adjustment. While the County delegates to the Board the authority to hear appeals of zoning cases, once the delegation has occurred the County has no power to influence the decisions of the Board.

*Mize,* 80 N.C. App. at 282-83, 341 S.E.2d at 769 (emphasis added) (internal citation omitted).

We conclude that petitioner Union County did not need to show that it is an aggrieved person to have standing to appeal. Further, respondents cite no statute or case on point prohibiting a county from appealing a decision by its own board of adjustment. To the contrary, the statute setting forth the powers and duties of a board of adjustment indicates that such an appeal is permitted. Accordingly, we hold that Union County was a proper party to appeal the BOA's decision to the superior court.

B. Somerset citizens

**[2]** Respondents further contend that the Somerset citizens lacked standing to appeal to the superior court to vacate the issuance of the special use permit. Specifically, respondents argue that the record does not contain sufficient facts to establish that the Somerset citizens are "persons aggrieved."

"[A]ny person aggrieved" has standing to appeal the decision of a board of adjustment pursuant to N.C. Gen. Stat. § 153A-345(b) (2003). *See Lloyd v. Town of Chapel Hill,* 127 N.C. App. 347, 350, 489 S.E.2d 898, 900 (1997) (applying N.C. Gen. Stat. § 160A-388, the parallel statute governing city zoning boards). A "person aggrieved" must show either "some interest in the property affected," or, if plaintiffs are nearby property owners, they must show special damage which amounts to "a reduction in the value of [their] property." *Heery v. Zoning Board of Adjustment,* 61 N.C. App. 612, 613, 300 S.E.2d 869, 870 (1983) (internal citations and quotations omitted).

The evidence in the record shows that the Somerset citizens have suffered special damages to their properties which are unique in character and quantity and distinct from those inflicted upon the community at large, including a reduction in the values of their properties.

**COOK v. UNION CTY. ZONING BD. OF ADJUST.**

[185 N.C. App. 582 (2007)]

C. As to all petitioners

**[3]** Respondents further contend that petitioners lack standing because neither the Somerset citizens nor Union County ever made a motion before the BOA or the superior court to intervene as parties to the action. Respondents assert that "[o]ne cannot simply walk into a public hearing, make a statement for the record and then appeal the agency's ruling without moving to be made a party to the proceedings," and cite *Duke Power Co. v. Board of Adjustment*, 20 N.C. App. 730, 202 S.E.2d 607, *cert. denied*, 285 N.C. 235, 204 S.E.2d 22 (1974), in support. However, *Duke Power* is not apposite to the case *sub judice*. In *Duke Power*, the property owners, who made no motion to become parties in the superior court proceedings, sought to appeal the ruling of the superior court to this Court. *Id.* at 732, 202 S.E.2d at 608. The issue in *Duke Power* was thus the right of the property owners to appeal to this Court from a superior court order when they were not parties to the superior court proceedings.

In the instant case, both Union County and the Somerset citizens were petitioners before the superior court. Union County and the Somerset citizens were represented by counsel and participated fully in all eight sessions of the public hearing before the BOA as well as the superior court proceedings. Respondents have not identified, nor can we find, any ordinance or statute which would indicate any additional procedural step that petitioners could have taken to gain status as parties in this case.

We hold that the trial court did not err in denying the motion to dismiss on the basis of standing, as Union County and the Somerset citizens had the right to file a petition for certiorari pursuant to N.C. Gen. Stat. § 153A-345(e). This assignment of error is therefore overruled.[4]

V. Waiver of Objections

**[4]** Respondents next contend that petitioners waived all objections to the BOA's "post-decision" consideration of the conditions to be attached to the special use permit. Respondents rely solely upon N.C.R. App. P. 10(b), which requires a party to present a "timely request, objection, or motion" in order "to preserve a question for appellate review." N.C.R. App. P. 10(b).

---

4. The other grounds asserted by appellants for dismissal of the petition for certiorari were not argued in the brief, and despite the respondents' statement that they do "not waive" such grounds, we deem them abandoned pursuant to N.C.R. App. P. 28(b)(6).

N.C.R. App. P. 1 sets forth the scope of the Rules of Appellate Procedure as follows:

(a) Scope of Rules. These rules govern procedure in all appeals from the courts of the trial division to the courts of the appellate division; in appeals in civil and criminal cases from the Court of Appeals to the Supreme Court; in direct appeals from administrative agencies, boards, and commissions to the appellate division; and in applications to the courts of the appellate division for writs and other relief which the courts or judges thereof are empowered to give.

. . .

(c) Definition of Trial Tribunal. As used in these rules, the term "trial tribunal" includes the superior courts, the district courts, and any administrative agencies, boards, or commissions from which appeals lie directly to the appellate division.

The Rules of Appellate Procedure do not apply to appeals by certiorari to the superior court from a hearing before a county board of adjustment, as there is no direct right of appeal from a board of adjustment to the appellate division. A board of adjustment is not a "trial tribunal" as defined by N.C.R. App. P. 1(c). Appeals from a board of adjustment are to the superior court, by certiorari. N.C. Gen. Stat. § 153A-345(e).

As discussed more fully below, the BOA was required to follow its own rules of procedure, because "the procedural rules of an administrative agency are binding upon the agency which enacts them as well as upon the public. To be valid the action of the agency must conform to its rules which are in effect at the time the action is taken." *Robins v. Town of Hillsborough*, 361 N.C. 193, 198, 639 S.E.2d 421, 424 (2007) (internal citations and quotations omitted). Respondents do not cite any relevant authority, nor do we find any, for the proposition that a formal objection needs to be made when a county board of adjustment fails to follow its own rules of procedure. We decline to make this rule. This assignment of error is without merit.

VI. Procedure for Approval of Revised Application

[5] Respondents next argue that the superior court erred when it vacated Wal-Mart's special use permit based upon the superior court's finding that the board of adjustment had denied the original application and was thus barred from further consideration of the revised

application. Respondents further contend that the changes to the original application as required by the BOA were just additional requirements under Section 59(a)[5] and not amendments or modifications which substantially changed the original application, so that the BOA proceedings after the 1 September 2004 meeting at which the first "approval" occurred were "post-decision" or administrative proceedings which did not require an additional evidentiary hearing. Because these arguments are concerned with the protection of procedural due process rights, this Court reviews them de novo.

Respondents cite *In re Application of Raynor*, 94 N.C. App. 173, 379 S.E.2d 884, *disc. review denied and appeal dismissed*, 325 N.C. 546, 385 S.E.2d 495 (1989), as establishing that adjoining land owners do not have a right to present evidence during the post-decision administrative process. In fact, *Raynor* does not deal with a "post-decision administrative process" at all. In *Raynor*, there was a public hearing session at which individuals who were opposed to issuance of the conditional use permit were present and permitted to present evidence, but the board made no decision regarding the permit. *Id.* at 174, 379 S.E.2d at 885. At a regularly scheduled meeting of the Board of Aldermen when the petitioners were not present, the permit applicant offered to add two additional minor conditions to his application to address concerns raised during the public hearing. *Id.* At a later meeting, the board voted to approve the permit. The *Raynor* court held that the addition of the two conditions was not an "introduction of evidence" which would give opposing property owners a right to cross-examination and to present their own rebuttal evidence, because the two conditions were very minor changes which

---

5. Section 59 of the Union County zoning ordinance reads:

(a) Subject to subsection (b), in granting a special use or conditional use permit, the permit issuing board may attach to the permit such reasonable requirements in addition to those specified in this ordinance as will ensure that the development in its proposed location:

(1) Will not endanger the public health or safety;

(2) Will not injure the value of adjoining or abutting property;

(3) Will be in harmony with the area in which it is located; and

(4) Will be in conformity with the land development plan, thoroughfare plan, or other plan officially adopted by the Board.

(b) The permit issuing board may not attach additional conditions that modify or alter the specific requirements set forth in this ordinance unless the development in question presents extraordinary circumstances that justify the variation from the specified requirements.

actually favored the opposing property owners. *Id.* at 177-78, 379 S.E.2d at 887.

Although a board of adjustment is a quasi-judicial body which is not bound by formal rules of evidence or civil procedure, when it "conducts a quasi-judicial hearing to determine facts prerequisite to issuance of a permit, [its procedures] can dispense with no essential element of a fair trial." *Raynor*, 94 N.C. App. at 176, 379 S.E.2d at 886 (citation omitted). One essential element of a fair trial is that a "party whose rights are being determined [is entitled to] the opportunity to cross-examine adverse witnesses and to offer evidence in support of his position and in rebuttal of his opponents' contentions." *Id.* at 177, 379 S.E.2d at 887. Furthermore, a board of adjustment is required to follow the procedures set forth in its ordinances. *Robins*, 361 N.C. at 198-99, 639 S.E.2d at 424; *Refining Co. v. Board of Aldermen*, 284 N.C. 458, 471, 202 S.E.2d 129, 138 (1974).

Section 101(b) of the Union County zoning ordinance provides that all persons interested in the application "shall be given an opportunity to present evidence and arguments and ask questions of persons who testify." Under Section 101(c), the BOA "may place reasonable and equitable limitations on the presentation of evidence and arguments and the cross-examination of witnesses so that the matter at issue may be heard and decided without undue delay." On their face, these procedures comport with N.C. Gen. Stat. § 153A-345 and our case law.

At the hearing sessions prior to 4 October 2004, petitioners' witnesses presented many hours of detailed testimony based on the original site plan, addressing concerns such as the proximity of the store's loading dock to homes, traffic patterns, and many other issues based specifically on the original site plan. However, even though the "decision was not final," at the start of the 4 October 2004 session,[6] the Chairman disallowed any further evidence from petitioners by announcing that

> [n]o additional testimony will be taken on any issues that were raised by the parties during the public hearing prior to the Board's decision to grant the special use permit on September 1st, 2004. While the Board may feel it necessary to ask for comment on specific aspects of the amended site plan from Union

---

6. By the terms of the SUP itself and the findings and conclusions by the BOA, which are supported by evidence in the record, the hearing on the application ended and the "final decision" was made on 8 November 2004.

County and the public at large, general testimony and comment regarding the compliance of the amended site plan with the Board's September 1st, 2004, ruling will not be allowed.

At the 4 October 2004 session, Wal-Mart presented a revised site plan which was substantially different from the original site plan, as the revised plan completely reoriented the building, parking lot, retention pond, and changed the traffic patterns for the proposed Wal-Mart store. At the 8 November session, Wal-Mart presented another site plan with more revisions. Although Wal-Mart did not present any additional formal testimony, the BOA allowed Wal-Mart's counsel to explain the revised site plan and answer the BOA's questions regarding the revised plans at the 4 October and 8 November 2004 sessions of the hearing.

Wal-Mart contends that no further evidence from petitioners was necessary because the revised site plan which was submitted on 8 November 2004 adequately addressed the concerns raised by the Somerset citizens, Union County, and the BOA in the previous hearing sessions. Petitioners, however, contend that the revised site plan actually raised new concerns based upon the relocation of the building, as the relocated building would not shield the adjacent residences from the parking lot and traffic. Petitioners also note that there were no sound studies for the new configuration of the site and that the back of the building would be very close to Rea Road, which impacts the Hunter Oaks PUD and properties on the other side of Rea Road. There was no analysis of the revised application by the Union County Land Use Administrator as required by Section 56 of the Union County zoning ordinance, and no evidence, expert review, or cross-examination regarding these issues or others raised by the revised application.

However, the revised site plan and explanation of that site plan were in fact crucial to the BOA's decision, as the BOA based its findings and conclusions in large part upon the revised site plan and upon the information adduced at the 4 October and 8 November sessions of the hearing. By not allowing additional testimony or evidence from petitioners, the BOA essentially cut off the rights of the Somerset citizens and the County under Section 101(b) to present evidence or conduct cross-examination as of 1 September 2004, while continuing to hold sessions of the hearing and permitting Wal-mart to present evidence.

Terminating the rights of the petitioners to present evidence and cross-examine on 4 October 2004 was not justified under Section 101(c) as a "reasonable and equitable" limitation on the presentation of evidence. The evidence which petitioners would have sought to present based on the revised site plan would not have been cumulative or redundant, as it would be based on a substantively different revised site plan. Furthermore, after receiving Wal-Mart's revised site plan as an exhibit, the BOA did vote again, on 8 November 2004, to approve the revised application. As a consequence of the above, we hold that petitioners were denied due process rights to present evidence before the BOA before it made its decision to grant Wal-Mart's special use permit.

Because we find that the BOA did not afford due process to the petitioners due to its failure to comply with Section 101 of the Union County zoning ordinance, we do not find it necessary to determine if the revised application was really a "new application" which would be governed by Section 65, or if the revised application as approved by the BOA was properly considered as an application with conditions pursuant to Section 59(a). We also do not find it necessary to address Wal-Mart's argument that the superior court erred by its failure to find facts supporting its decision that the BOA's issuance of the special use permit was not supported by competent, material, and substantial evidence.

## VII.  Conclusion

The superior court did not err when it found that petitioners had standing to appeal the BOA's decision to superior court. Further, the superior court did not err when it concluded that petitioners were denied due process by the BOA's failure to comply with hearing procedures as set forth in Section 101 of the Union County zoning ordinance. The superior court therefore did not err in vacating the special use permit, and we affirm the order of the superior court.

AFFIRMED.

Judges McCULLOUGH and ELMORE concur.