BRENDA SMITH, Petitioner v. FORSYTH COUNTY BOARD OF ADJUSTMENT, Respondent, and THE NEW HOPE PRESBYTERIAN CHURCH, Intervenor

No. COA07-212

(Filed 6 November 2007)

**Zoning— adjoining property owner—standing to appeal decision—property damage not alleged**

Adjoining property owners must present evidence of a reduction in their property values to establish standing to appeal a zoning officer's decision to the board of adjustment. Petitioner here did not do so.

Appeal by Petitioner from order entered 16 November 2006 by Judge Joseph R. John, Sr., in Forsyth County Superior Court. Heard in the Court of Appeals 18 September 2007.

*The Brough Law Firm, by Robert E. Hornik, Jr., for Petitioner-Appellant.*

*Office of Forsyth County Attorney, by Assistant County Attorney B. Gordon Watkins, III, for Respondent-Appellee Forsyth County.*

*Paul C. Shepard for Intervenor-Appellee New Hope Presbyterian Church.*

ARROWOOD, Judge.

Petitioner Brenda Smith appeals from an order dismissing for lack of standing her petitions for writ of *certiorari* seeking review of a decision of Respondent-Appellee Forsyth County Zoning Board of Adjustment that affirmed certain decisions of the Forsyth County Zoning Officer. We affirm.

The pertinent facts are summarized as follows: Petitioner owns and resides on property located on Harper Road, in the Forsyth County town of Clemmons. Intervenor owns adjoining property on Harper Road. In June 2005, Intervenor applied to the Forsyth County inspections department for a permit to build a church and athletic field. The Forsyth County Uniform Development Ordinance (UDO) distinguishes between neighborhood and community scale churches, with different zoning requirements for each. Under the UDO a neighborhood church is one with a seating capacity of 600 or fewer, and a

community church is one with a seating capacity of over 600. In July 2005 a Forsyth County Zoning Officer issued Intervenor a building permit for construction of a neighborhood church.

Petitioner appealed to Respondent Forsyth County Zoning Board of Adjustment (the Board). Petitioner's appeal asserted that (1) the Zoning Officer improperly granted Intervenor a permit for a neighborhood church instead of a community church; (2) the Zoning Officer improperly failed to require Intervenor to install a bufferyard around its athletic field; and (3) the Zoning Officer wrongly decided certain issues regarding grading on the church property.

In August 2005 the Board conducted a hearing on Petitioner's appeal. Following the hearing, the Board upheld the Zoning Officer's classification of the church as a neighborhood scale church and his decision that Intervenor was not required to install a bufferyard around its athletic field. The board found that the Zoning Officer had erred in regards to grading requirements on Intervenor's lot.

Prior to the Board's issuance of a formal written decision, Petitioner filed an original and an amended petition for a writ of *certiorari*, seeking review of the Board's decision in Forsyth County Superior Court. After the Board issued its decision, Petitioner refiled her amended petition. The writ was issued on 27 July 2006 by Forsyth County Superior Court Judge Michael E. Helms, and New Hope Church was allowed to intervene in the action. Following a hearing conducted before Superior Court Judge Joseph R. John, Sr., the court on 16 November 2006 entered an order dismissing the writ as improvidently granted, and dismissing Petitioner's appeal for lack of standing. From this order, Petitioner timely appealed.

---

The dispositive issue is whether Petitioner had standing to pursue her appeal from the Zoning Officer to the Board, and from the Board to Superior Court. The trial court ruled that the record evidence was "inadequate" to show that "Petitioner has suffered or will suffer a reduction in the value of her property as a result of the Zoning Officer's determinations or of the Decision affirming such determinations," and, therefore, that Petitioner failed to show that she "has suffered or will be subject to special damages." On this basis, the court concluded that Petitioner lacked standing as a "person aggrieved" either under N.C. Gen. Stat. § 153A-345(e) (2005), or under 1947 N.C. Sess. Laws ch. 677, § 33 or 34. The court further concluded that, because Petitioner lacked standing, the trial court lacked

subject matter jurisdiction over the proceeding. Petitioner argues that the trial court erred in concluding that she had not shown standing. We disagree.

"The term [standing] refers to whether a party has a sufficient stake in an otherwise justiciable controversy so as to properly seek adjudication of the matter." *Neuse River Found., Inc. v. Smithfield Foods, Inc.*, 155 N.C. App. 110, 114, 574 S.E.2d 48, 51 (2002), *disc. review denied*, 356 N.C. 675, 577 S.E.2d 628 (2003) (citing *Sierra Club v. Morton*, 405 U.S. 727, 731-32, 31 L. Ed. 2d 636, 641 (1972)). "Standing is a necessary prerequisite to a court's proper exercise of subject matter jurisdiction[,]" *Aubin v. Susi*, 149 N.C. App. 320, 324, 560 S.E.2d 875, 878, *disc. review denied*, 356 N.C. 610, 574 S.E.2d 474 (2002) and "is a question of law which this Court reviews de novo." *Cook v. Union Cty. Zoning Bd. of Adjust.*, 185 N.C. App. 582, 588, 649 S.E.2d 458, 464 (2007) (citation omitted).

In the instant case, Petitioner appealed (1) from the Zoning Officer to the Board, and (2) from the Board to Superior Court. We first consider her standing to appeal from the Zoning Officer to the Board. Appeals to a county board of adjustment from a zoning decision are governed by N.C. Gen. Stat. § 153A-345(b) (2005), Board of Adjustment, which provides in relevant part that:

(b) A zoning ordinance or those provisions of a unified development ordinance adopted pursuant to the authority granted in this Part shall provide that the board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of that ordinance. Any person aggrieved or any officer, department, board, or bureau of the county may take an appeal. . . .

(emphasis added). Petitioner appealed as an individual and not as an "officer, department, board, or bureau of the county." "Thus, petitioner[] had standing only if [she was an] aggrieved person[] within the meaning of the statute." *Heery v. Zoning Board of Adjustment*, 61 N.C. App. 612, 613, 300 S.E.2d 869, 870 (1983) (applying N.C. Gen. Stat. § 160A-388(e), the parallel statute governing city zoning boards). *Heery* held that standing as a "person aggrieved" requires a showing of "special damages":

[T]he petitioners failed to allege, and the Superior Court failed to find, that petitioners would be subject to "special damages" dis-

tinct from the rest of the community. Without a claim of special damages, the petitioners are not "aggrieved" persons under N.C. Gen. Stat. § 160A-388(e), and they have no standing.

*Heery*, 61 N.C. App. at 614, 300 S.E.2d at 870. This Court has "defined 'special damage' as 'a reduction in the value of his [petitioner's] own property.' " *Id.* at 613, 300 S.E.2d at 870 (quoting *Jackson v. Board of Adjustment*, 275 N.C. 155, 161, 166 S.E.2d 78, 82 (1969)). The same standard applies to appeals under N.C. Gen. Stat. § 153A-345(b).

> [A]ny person aggrieved has standing to appeal the decision of a [county] board of adjustment pursuant to N.C. Gen. Stat. § 153A-345(b) [(2005)]. . . . A person aggrieved must show either "some interest in the property affected," or, if plaintiffs are nearby property owners, they must show special damage which amounts to "a reduction in the value of [their] property."

*Cook*, 185 N.C. App. at 590, 649 S.E.2d at 465-66 (quoting *Heery*, 61 N.C. App. at 613, 300 S.E.2d at 870) (internal quotations and citations omitted).

To establish standing to appeal a zoning decision to the Board, "[a]djoining property owners must present evidence of a reduction in their property values." *County of Lancaster v. Mecklenburg County*, 334 N.C. 496, 504 n.4, 434 S.E.2d 604, 610 n.4 (1993) (citation omitted). Mere proximity to the site of the zoning action at issue is insufficient to establish "special damages":

> [The p]etition alleges only that they are the record land owners of a tract of land located across the highway from Respondent's property, and are citizens and residents of Durham County, North Carolina. . . . Petitioners' mere averment that they own land in the immediate vicinity of the property for which the special use permit is sought, absent any allegation of "special damages distinct from the rest of the community" in their Petition, is insufficient to confer standing upon them.

*Sarda v. Cty. of Durham Bd. of Adjust.*, 156 N.C. App. 213, 215, 575 S.E.2d 829, 831 (2003) (quoting *Lloyd v. Town of Chapel Hill*, 127 N.C. App. 347, 351, 489 S.E.2d 898, 900 (1997)).

In the instant case, Petitioner's application to the Board for appeal of the Zoning Officer's decisions does not allege that the zoning decisions at issue had decreased the value of her property or would do so in the future. Petitioner failed to allege, or show, special damages; therefore, she did not have standing to appeal from the

Zoning Officer to the Board. That being so, we have no need to consider Petitioner's standing to appeal from the Board to Superior Court. We conclude that the trial court did not err in its conclusion that Petitioner lacked standing.

Petitioner argues that her standing is not dependent on meeting the statutory requirements of G.S. § 153A-345, and contends that she has standing pursuant to the 1947 enabling legislation granting Forsyth County authority to adopt zoning regulations. In support of her position, Petitioner cites § 34 which states that "any persons . . . aggrieved by any decision of the Board of Adjustment or any taxpayer or any officer, department, board or bureau of the county may present . . . a petition" and argues that she has standing as a "taxpayer." However, § 34 governs appeals to superior court from the county Board, while § 33, which governs appeals to the Board, states in relevant part that:

> Appeals to the Board of Adjustment may be taken by any person aggrieved by his inability to obtain a building permit, or by the decision of any administrative officer or agency based upon or made in the course of the administration or enforcement of the provisions of the zoning resolution. . . .

As discussed above, Petitioner did not allege or show the requisite "special damages" to assert standing as a "person aggrieved." Accordingly, she lacked standing to appeal to the Board under either G.S. § 153A-345 or § 33 of the 1947 Act.

For the reasons discussed above, we conclude that the trial court did not err and that its order should be

Affirmed.

Chief Judge MARTIN and Judge STROUD concur.