ELMORE, Judge,
dissenting.
I respectfully disagree with the majority’s conclusion that Mr. Krulik had a statutory duty to transmit the appeal to the Board of Adjustment (BOA) pursuant to N.C. Gen. Stat. § 153A-345. As a result, I would reverse the trial court’s order granting petitioner’s writ of mandamus. I concur in all other aspects of the majority opinion.
The majority is correct in that N.C. Gen. Stat. § 153A-345 mandates that any person aggrieved by a zoning decision shall be afforded a statutory right of review before the BOA. This Court has defined a “person aggrieved” as “one adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights.” Cnty. of Johnston v. City of Wilson, 136 N.C. App. 775, 779, 525 S.E.2d 826, 829 (2000) (citations and quotations omitted). “It is well settled that an appeal may only be taken by an aggrieved real party in interest.” Id.
While the majority argues that Smith v. Forsyth County Bd. of Adjustment is inapposite to the outcome of the instant case, I disagree. 186 N.C. App. 651, 652 S.E.2d 355 (2007). IxvSmith, we specifically looked to whether the petitioner had standing to appeal a zoning determination from the Zoning Officer to the BOA. To establish standing to appeal, this Court required that an aggrieved party “show either some interest in the property affected,” or, if plaintiffs are adjoining property owners, “they must present evidence of a reduction in their property values. Mere proximity to the site of the zoning action at issue is insufficient to establish ‘special damages.’ ” Id. at 654, 652 S.E.2d at 358. We concluded that because the petitioner’s application to the BOA for appeal of the Zoning *33 Officer’s decision failed to allege that the zoning decision had decreased the value of the petitioner’s property or would do so in the future, the petitioner “failed to allege, or show, special damages; therefore, she did not have standing to appeal from the Zoning Officer to the [BOA].” Id. at 654-55, 652 S.E.2d at 358.
I read Smith as suggesting that the Zoning Officer is vested with authority to refuse to transmit an appeal to the BOA if the appealing party’s application is devoid of any allegations of special damages, namely a decrease in property value. Without alleging special damages in an application for appeal, the appealing party cannot demonstrate that it is aggrieved, and therefore the Zoning Officer may unilaterally dismiss the appeal for want of standing. Simply put, to fall under the purview of N.C. Gen. Stat. § 153A-345, Momingstar must have shown that it was aggrieved, which it could have done by alleging special damages in its appeal of the 16 November determination. However, Momingstar neglected to do so. Without alleging special damages, Momingstar is not “aggrieved” under N.C. Gen. Stat. § 153A-354, and it had no standing to appeal. Thus, Mr. Krulik was not compelled to place Momingstar’s appeal on the BOA’s agenda.
Further, without standing, Momingstar could not demonstrate a “clear legal right” to petition for writ of mandamus. Because Momingstar failed to satisfy the first element of mandamus, the trial court erred in granting its petition. Accordingly, the trial court’s order should be reversed.