NO. COA13-458

NORTH CAROLINA COURT OF APPEALS

Filed:  18 March 2014

MORNINGSTAR MARINAS/EATON
FERRY, LLC,
     Petitioner

     v.                              Warren County
                                     No. 12 CVS 180
WARREN COUNTY, NORTH CAROLINA
and KEN KRULIK, WARREN COUNTY
PLANNING AND ZONING ADMINISTRATOR,
IN HIS OFFICIAL CAPACITY,
     Respondents.


     Appeal by respondents from order entered 13 September 2012

by Judge Robert H. Hobgood in Warren County Superior Court.

Heard in the Court of Appeals 6 November 2013.


     *Robinson, Bradshaw & Hinson, P.A., by John H. Carmichael,
     for petitioner-appellee.*

     *Turrentine Law Firm, PLLC, by Karlene S. Turrentine, for
     respondents-appellants.*


     DAVIS, Judge.


     Warren  County  and  Ken  Krulik  ("Mr.  Krulik"),  in  his

official  capacity  as  the  Warren  County  Planning  and  Zoning

Administrator  (collectively  "Respondents"),  appeal  from  the

trial  court's  order  issuing  a  writ  of  mandamus  in  favor  of

Morningstar  Marinas/Eaton  Ferry,  LLC  ("Morningstar")  in

connection with a zoning dispute.  After careful review, we affirm the trial court's order.

## Factual Background

The facts relevant to this appeal are as follows: Morningstar operates a full-service marina on a 5.03 acre parcel of land ("the Morningstar Property") located at 1835 Eaton Ferry Road in Littleton, North Carolina.  The Morningstar Property is zoned commercial in the Lakeside Business District under the Warren County Zoning Ordinance ("the Ordinance").  Its commercial marina offers wet slips and dry storage for boats and a fuel dock.  The Morningstar Property is located off of a small cove of Lake Gaston and is approximately 145 feet across the cove from land owned by East Oaks, LLC ("East Oaks").  Approximately 8.5 acres of the East Oaks property is zoned residential ("the Residential Property") under the Ordinance.  Adjacent to the Residential Property is a 1.91 acre parcel of land owned by East Oaks and zoned commercial ("the Commercial Property").  The Commercial Property is improved with a boat storage building from which East Oaks operates a dry storage facility.

East Oaks filed a petition for a conditional use permit seeking to build 36 townhouses on the Residential Property.  In its petition, East Oaks included a site plan for the proposed use showing the townhouses, roads, and a drive ("the Drive")

that connects the Commercial Property and the Residential Property. The record indicates that the Drive was to be used for the purpose of transporting boats from the dry storage facility located on the Commercial Property to the boat launch area located on the Residential Property.

Before the Warren County Board of Adjustment ("BOA") ruled on East Oaks' petition for a conditional use permit, Mr. Krulik reviewed the Ordinance and issued a formal determination on 21 April 2011 ("the 21 April Determination"), finding that townhouses were a permitted use in a residential district as a single-family dwelling. As such, East Oaks withdrew its application for the conditional use permit and secured a standard zoning permit to begin construction.

Morningstar appealed the 21 April Determination to the BOA, asserting that neither the townhouses nor the Drive portions of East Oaks' site plan were permitted under the Ordinance. Because the 21 April Determination did not expressly address the Drive portion of East Oaks' site plan, on 12 May 2011, Morningstar requested that Mr. Krulik issue a formal determination as to whether East Oaks' proposed use of the Drive would constitute a commercial use of the Residential Property in violation of the Ordinance. In an email dated 10 June 2011, Mr. Krulik responded, "I am not going to make a determination on this . . . . [because] it is not a relevant issue to my

determination on townhouses as a permitted use or issuing the zoning permit."

On 15 August 2011, the BOA heard Morningstar's appeal and voted unanimously to reverse the 21 April Determination and to revoke East Oaks' zoning permit. On 12 September 2011, East Oaks filed a petition for writ of certiorari in Warren County Superior Court seeking judicial review of the BOA's decision reversing the 21 April Determination. On 14 October 2011, the Honorable Robert H. Hobgood entered a consent order whereby East Oaks and Warren County agreed to reinstate East Oaks' zoning permit and adopt Mr. Krulik's interpretation of the Ordinance so as to allow East Oaks to develop the property pursuant to its site plan. Morningstar was not a party to the consent order, and the trial court concluded as a matter of law that "Morningstar is not a 'person aggrieved' pursuant to N.C. Gen. Stat. § 153A-345(b)" and that the "Warren County Board of Adjustment had no jurisdiction or authority to hear the appeal of Morningstar."

One week earlier, on 7 October 2011, Morningstar filed its initial petition for writ of mandamus to compel Mr. Krulik to issue the requested formal determination regarding the Drive. In Respondents' answer, they denied Morningstar's right to petition for writ of mandamus but also attached a formal

determination from Mr. Krulik dated 16 November 2011 ("the 16 November Determination"), which stated, in pertinent part, that

> [w]hile I did not make a specific determination as to whether the use of the concrete drive/easement constitutes a commercial use of the East Oaks property in violation of the Ordinance, my issuance of the East Oaks zoning permit . . . necessarily required that I determine the submitted use of the entire property covered by the permit is not restricted by the Warren County Zoning Ordinance.

> The drive is shown as a "20' wide private access easement" on East Oaks' development plans. Warren County's Ordinance does not specifically regulate easements — whether or not they cross varying zoning jurisdictions. . . . [T]o my knowledge, there has been no attempt by Warren County to regulate such easements through its zoning regulations.

After Mr. Krulik issued the 16 November Determination, Morningstar dismissed its petition for writ of mandamus without prejudice.

Thereafter, Morningstar noticed its appeal of the 16 November Determination ("the Drive Appeal"). By letter dated 17 January 2012, Warren County's attorney advised Morningstar that the Drive Appeal would not be placed on the BOA's agenda. On 14 May 2012, Morningstar filed another petition for writ of mandamus in Warren County Superior Court, seeking — this time — to compel Respondents to place the Drive Appeal on the BOA's agenda for a hearing on the merits. On 13 September 2012, Judge

Hobgood granted Morningstar's petition and issued a writ of mandamus ordering Respondents to place the appeal on the BOA's agenda. Respondents filed a timely notice of appeal to this Court.

## Analysis

As an initial matter, Respondents argue that the 16 November Determination was not a "new" determination from which Morningstar could appeal to the BOA because it merely echoed Mr. Krulik's 21 April Determination. We disagree. The 21 April Determination did not explicitly address the use of the Drive. Moreover, in its first petition for writ of mandamus, Morningstar alleged: "As of the date of this Petition, Mr. Krulik has not issued the requested formal determination [regarding the Drive]." Respondents admitted this allegation in their answer and then — referencing the 16 November Determination — provided that "such formal determination is hereto attached." Thus, we consider Mr. Krulik's 16 November letter to be a formal determination from which Morningstar may appeal.

We now turn our attention to whether the criteria for the issuance of a writ of mandamus were satisfied. "A writ of mandamus is an extraordinary court order to a board, corporation, inferior court, officer or person commanding the performance of a specified official duty imposed by law."

*Graham Cty. Bd. of Elections v. Graham Cty. Bd. of Comm'rs*, 212 N.C. App. 313, 322, 712 S.E.2d 372, 379 (2011) (citation and quotation marks omitted). A writ of mandamus is the proper remedy when (1) the party seeking relief has "a clear legal right to the act requested;" (2) the respondent has "a legal duty to perform the act requested;" (3) the act at issue is "ministerial in nature and [does] not involve the exercise of discretion;" (4) the respondent has failed to perform the act requested and the time for performance has expired; and (5) there is no legally adequate alternative remedy. *In re T.H.T.*, 362 N.C. 446, 453-54, 665 S.E.2d 54, 59 (2008). "A court cannot refuse a petition for writ of mandamus when it is sought to enforce a clearly-established legal right." *Id.* at 453, 665 S.E.2d at 59.

Here, Respondents' primary contention is that mandamus was not appropriate because Morningstar lacked standing to appeal Mr. Krulik's 16 November Determination and, as such, did not have a "clear legal right" to have its appeal placed on the BOA's agenda. However, because we believe that Mr. Krulik had a statutory duty to transmit Morningstar's appeal to the BOA and that the existence — or nonexistence — of standing is a legal determination that must be made by the BOA, we affirm the trial court's order issuing a writ of mandamus compelling Respondents to place the appeal on the BOA's agenda.

At all times relevant to this action, N.C. Gen. Stat. § 153A-345[1] provided, in relevant part, as follows:

> (b) A zoning ordinance . . . adopted pursuant to the authority granted in this Part shall provide that the board of adjustment shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official charged with the enforcement of that ordinance. Any person aggrieved or any officer, department, board, or bureau of the county may take an appeal. Appeals shall be taken within times prescribed by the board of adjustment by general rule, by filing with the officer from whom the appeal is taken and with the board of adjustment a notice of appeal, specifying the grounds thereof. The officer from whom the appeal is taken *shall* forthwith transmit to the board all the papers constituting the record upon which action appealed from was taken.

N.C. Gen. Stat. § 153A-345(b) (emphasis added). The purpose of N.C. Gen. Stat. § 153A-345 is "to provide a right of review, and statutes providing for review of administrative decisions should be liberally construed to preserve and effectuate that right." *Mize v. Cty. of Mecklenburg*, 80 N.C. App. 279, 283, 341 S.E.2d 767, 769 (1986).

Neither N.C. Gen. Stat. § 153A-345 nor any other provision of North Carolina law confers upon a zoning administrator the power to make a legal decision as to whether a party seeking to

---

[1] N.C. Gen. Stat. § 153A-345 was in effect during the time period relevant to the present action but has since been repealed. N.C. Gen. Stat. § 160A-388 now governs appeals to county boards of adjustment.

appeal to the BOA from a zoning decision is a "person aggrieved" for standing purposes. North Carolina law does, however, mandate that the zoning administrator transmit the record of an appeal to the BOA if the appeal is taken within the prescribed time period. Pursuant to N.C. Gen. Stat. § 153A-345(b), a zoning administrator has no discretion regarding whether to perform his duty of transmitting the record to the BOA once the appeal has been noticed. Instead, as quoted above, the statute expressly states that the zoning administrator from whom the appeal is being taken "*shall* forthwith transmit to the board all the papers constituting the record upon which action appealed from was taken." N.C. Gen. Stat. § 153A-345(b) (emphasis added). The Warren County Zoning Ordinance — in accordance with § 153A-345(b) — also specifically provides that "[a]ppeals from the enforcement and interpretation of this ordinance . . . shall be filed with the Zoning Administrator, who *shall* transmit all such records to the Board of Adjustment." Warren County, N.C., Zoning Ordinance § IX-4 (emphasis added).

Our appellate courts have consistently held that the use of the word "shall" in a statute indicates what actions are required or mandatory. *See Multiple Claimants v. N.C. Dep't of Health & Human Servs.*, 361 N.C. 372, 378, 646 S.E.2d 356, 360 (2007) ("It is well established that the word 'shall' is generally imperative or mandatory." (citations and quotation

marks omitted)); *Internet E., Inc. v. Duro Communications, Inc.*, 146 N.C. App. 401, 405-06, 553 S.E.2d 84, 87 (2001) ("The word 'shall' is defined as 'must' or 'used in laws, regulations, or directives to express what is mandatory.'" (citation omitted)). As such, we conclude that the act of placing Morningstar's appeal on the BOA agenda is ministerial in nature and does not involve any discretion on the part of the zoning administrator.

We also hold that Morningstar has a legal right to have its appeal transmitted to the BOA and placed on the agenda. Morningstar appealed the 16 November Determination on 14 December 2011. In accordance with the provisions of the Warren County Zoning Ordinance, Morningstar filed its appeal with Mr. Krulik, the officer from whom the appeal was taken, and included a $150.00 filing fee for the appeal. *See* Warren County, N.C., Zoning Ordinance § IX-4 ("Appeals from the enforcement and interpretation of this ordinance . . . shall be filed with the Zoning Administrator . . . ."); *id.* at § IX-2 (listing $150.00 as fee for appeals to the BOA). Because Morningstar complied with the requirements for taking an appeal, it had a right to have its appeal placed on the BOA's agenda. *See id.* at § IX-3 ("The Board of Adjustment shall have the following powers and duties . . . [t]o hear and decide any appeal from and review any order, requirement, decision, or determination made by the Zoning Administrator."); *id.* at § IX-4 ("The Board of Adjustment

shall fix a reasonable time, not to exceed 30 days, for the hearing of the appeal . . . .").

Mr. Krulik, as the zoning officer from whom the appeal was taken, therefore had a statutory duty to transmit the appeal to the BOA. This duty was mandatory, as indicated by the use of the word "shall," and did not involve the exercise of discretion. Because Mr. Krulik failed to comply with the statutory mandate and instead made clear his unwillingness to do so, mandamus was Morningstar's only available remedy. Morningstar's ability to appeal to the BOA was foreclosed by Mr. Krulik's refusal to place the appeal on the BOA's agenda. Moreover, Morningstar could not appeal the substance of the zoning administrator's decision directly to the superior court because only BOA decisions are subject to judicial review. *See* N.C. Gen. Stat. § 153A-345(e2) ("Each decision *of the board* is subject to review by the superior court by proceedings in the nature of certiorari." (emphasis added)).

The trial court's order compelling Respondents to place Morningstar's appeal on the BOA agenda does not allow Morningstar to circumvent the requirement of standing. To the contrary, its order fully recognizes that in accordance with § 153A-345, Morningstar must establish that it is an aggrieved party in order to have the merits of its appeal heard by the BOA. We believe the order correctly provides that the

determination of whether Morningstar has standing to appeal must be made by the BOA rather than by Mr. Krulik. We express no opinion as to whether Morningstar does or does not possess standing to appeal because that issue is not before us.

*Smith v. Forsyth Cty. Bd. of Adjust.*, 186 N.C. App. 651, 652 S.E.2d 355 (2007), the case the dissent relies upon in concluding that mandamus was not appropriate, did not involve a petition for a writ of mandamus or in any way address the authority of a zoning administrator to make a determination as to standing. Rather, the issue in *Smith* was whether the superior court correctly dismissed the petitioner's appeal from a BOA decision for lack of standing. *Id.* at 652, 652 S.E.2d at 357. This Court concluded that the petitioner's application to the BOA appealing the zoning officer's decision had not alleged special damages as required in order for the petitioner to qualify as a "person aggrieved." *Id.* at 654-55, 652 S.E.2d at 358.

We do not read *Smith* as suggesting that a zoning officer would have the authority to refuse to transmit an appeal to the BOA based simply on his own belief that the appellant lacked standing. We cannot agree with the dissent that our holding in *Smith* somehow confers a gatekeeper role onto zoning officers given that such a role is nowhere conferred by statute or, for that matter, identified in our decision in that case. Rather,

we believe that *Smith* is consistent with the notion that it is the *BOA* that has the duty of determining whether a party has made the requisite showing of standing such that the merits of the appeal may be reached.

Standing is a question of law. *Cook v. Union Cty. Zoning Bd. of Adjust.*, 185 N.C. App. 582, 588, 649 S.E.2d 458, 464 (2007). A determination of standing involves a determination of "whether a particular litigant is a proper party to assert a legal position." *Id.* As such, we are unable to conclude that a zoning officer is vested with the authority to make such legal determinations regarding standing, particularly where the result, as here, would be to insulate that very same officer's decision from review.

Respondents also contend that their motion to dismiss the petition for writ of mandamus was improperly denied because (1) Morningstar failed to join a necessary party (East Oaks); and (2) Morningstar's petition for mandamus was merely an attempt to bypass the fact that the time period for appealing the 21 April Determination or the consent order reinstating that determination had already passed. We are not persuaded by either of these arguments.

"A necessary party is one whose presence is required for a complete determination of the claim, and is one whose interest is such that no decree can be rendered without affecting the

party." *McCraw v. Aux*, 205 N.C. App. 717, 719, 696 S.E.2d 739, 740, *disc. review denied*, 364 N.C. 617, 705 S.E.2d 362 (2010). As we have explained above, the present action commenced when Morningstar attempted to appeal the 16 November Determination and Mr. Krulik refused to place the appeal on the BOA's agenda. Morningstar then sought a writ of mandamus directing Respondents to perform the ministerial, nondiscretionary task of placing the appeal on the BOA's agenda for a hearing. The order issuing mandamus in no way addressed the merits of any substantive issues concerning (1) whether Morningstar was an aggrieved party with standing to appeal; or (2) whether East Oaks' use of the Drive is permitted under the Warren County Zoning Ordinance.[2] Rather, as Morningstar notes, the present action is "a purely procedural issue between Morningstar and the Respondents."

Respondents nevertheless assert that under N.C. Gen. Stat. § 160A-393, Morningstar was required to name East Oaks as a respondent. *See* N.C. Gen. Stat. § 160A-393(e) (2013) ("If the petitioner is not the applicant before the decision-making board whose decision is being appealed, the petitioner shall also name that applicant as a respondent."). However, the scope of N.C. Gen. Stat. § 160A-393 is specifically limited to appeals in the

---

[2] The trial court's order issuing mandamus specifically explains that "[t]his Order only directs that a hearing be conducted by the Warren County Board of Adjustment but does not direct that Board concerning the merits of the case."

nature of certiorari from decision-making boards to superior courts and, thus, does not apply to the present action for mandamus. N.C. Gen. Stat. § 160A-393(a) ("This section applies to appeals of quasi-judicial decision-making boards when that appeal is to superior court and in the nature of certiorari . . . ."). As such, we agree with the trial court's conclusion that "the Warren County Zoning Board of Adjustment and East Oaks, LLC are not necessary parties to this mandamus action. The parties sought to be compelled to take action in this mandamus action are the Respondents."

Finally, Respondents argue that the trial court improperly denied their motion to dismiss because Morningstar only sought mandamus in an attempt to take an untimely appeal of the substance of the 21 April Determination. Respondents correctly state that "[a]n action for mandamus may not be used as a substitute for an appeal. This extraordinary remedy is not a proper instrument to review or reverse an administrative board which has taken final action on a matter within its jurisdiction." *Snow v. N.C. Bd. of Architecture*, 273 N.C. 559, 570, 160 S.E.2d 719, 727 (1968) (citations, quotation marks, and italics omitted).

However, as previously discussed, the 16 November Determination — unlike the 21 April Determination — specifically addresses the Drive, and was, in fact, a formal determination

concerning the Drive. Once the 16 November Determination was made, Morningstar attempted to bring a timely appeal to the BOA but was prevented by Mr. Krulik from doing so. We therefore cannot agree with Respondents' argument that Morningstar's petition for mandamus was filed "for the sole purpose of getting around the appeal deadline [for the 21 April Determination] which had passed." Accordingly, this argument is overruled.

### Conclusion

For the reasons stated above, we affirm the trial court's order issuing a writ of mandamus compelling Respondents to place Morningstar's appeal on the BOA's agenda. Because we hold that the trial court properly issued the writ of mandamus, we also affirm the trial court's denial of Respondents' motion for attorneys' fees.

AFFIRMED.

Judge McCULLOUGH concurs.

Judge ELMORE dissents by separate opinion.

NO. COA13-458

NORTH CAROLINA COURT OF APPEALS

Filed: 18 March 2014

MORNINGSTAR MARINAS/EATON FERRY, LLC,
    Petitioner,

    v.                      Warren County
                               No. 12 CVS 180

WARREN COUNTY, NORTH CAROLINA and
KEN KRULIK, WARREN COUNTY PLANNING
AND ZONING ADMINISTRATOR, IN HIS
OFFICIAL CAPACITY,
     Respondents.


     ELMORE, Judge, dissenting.

     I respectfully disagree with the majority's conclusion that Mr. Krulik had a statutory duty to transmit the appeal to the Board of Adjustment (BOA) pursuant to N.C. Gen. Stat. § 153A-345. As a result, I would reverse the trial court's order granting petitioner's writ of mandamus. I concur in all other aspects of the majority opinion.

     The majority is correct in that N.C. Gen. Stat. § 153A-345 mandates that any person *aggrieved* by a zoning decision shall be afforded a statutory right of review before the BOA. This Court has defined a "person aggrieved" as "one adversely affected in respect of legal rights, or suffering from an infringement or denial of legal rights." *Cnty. of Johnston v. City of Wilson*, 136 N.C. App. 775, 779, 525 S.E.2d 826, 829 (2000) (citations and quotations omitted). "It is well settled that an appeal may only be taken by an aggrieved real party in interest." *Id.*

     While the majority argues that *Smith v. Forsyth County Bd. of Adjustment* is inapposite to the outcome of the instant case, I disagree. 186 N.C. App. 651, 652 S.E.2d 355 (2007). In

*Smith*, we specifically looked to whether the petitioner had standing to appeal a zoning determination from the Zoning Officer to the BOA. To establish standing to appeal, this Court required that an aggrieved party "show either some interest in the property affected," or, if plaintiffs are adjoining property owners, "they must present evidence of a reduction in their property values. Mere proximity to the site of the zoning action at issue is insufficient to establish 'special damages.'" *Id*. at 654, 652 S.E.2d at 358. We concluded that because the petitioner's application to the BOA for appeal of the Zoning Officer's decision failed to allege that the zoning decision had decreased the value of the petitioner's property or would do so in the future, the petitioner "failed to allege, or show, special damages; therefore, she did not have standing to appeal from the Zoning Officer to the [BOA]." *Id*. at 654-55, 652 S.E.2d at 358.

I read *Smith* as suggesting that the Zoning Officer is vested with authority to refuse to transmit an appeal to the BOA if the appealing party's application is devoid of any allegations of special damages, namely a decrease in property value. Without alleging special damages in an application for appeal, the appealing party cannot demonstrate that it is aggrieved, and therefore the Zoning Officer may unilaterally dismiss the appeal for want of standing. Simply put, to fall

under the purview of N.C. Gen. Stat. § 153A-345, Morningstar must have shown that it was aggrieved, which it could have done by alleging special damages in its appeal of the 16 November determination. However, Morningstar neglected to do so. Without alleging special damages, Morningstar is not "aggrieved" under N.C. Gen. Stat. § 153A-354, and it had no standing to appeal. Thus, Mr. Krulik was not compelled to place Morningstar's appeal on the BOA's agenda.

Further, without standing, Morningstar could not demonstrate a "clear legal right" to petition for writ of mandamus. Because Morningstar failed to satisfy the first element of mandamus, the trial court erred in granting its petition. Accordingly, the trial court's order should be reversed.