IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-702

Filed 19 March 2025

Mecklenburg County, No. 23 JT 000098-590

IN THE MATTER OF:
A.J.B.

Appeal by Jennifer R. Batten from order of dismissal entered 7 May 2024 by

Judge C. Renee Little in Mecklenburg County District Court. Heard in the Court of

Appeals 14 January 2025.

> *Weaver, Bennett & Bland, PA, by William G. Whittaker and David B. Sherman, Jr., for Plaintiff–Appellant Mother.*
>
> *BJK Legal, by Benjamin J. Kull, for Defendant–Appellee Father.*
>
> *Bollinger Law Firm, by Marjory J. Timothy, for Guardian ad litem–Appellee.*

MURRY, Judge.

Plaintiff–Mother (Mother) appeals from an order dismissing her petition to

terminate Defendant–Father's (Father) parental rights to her minor child, A.J.B.

(Aaron).[1] We vacate and remand for a determination of whether Mother's failure to

comply with N.C.G.S. § 7B-1104 prejudiced Father.

## I.    Background

Mother and Father share one child, Aaron, born 25 April 2018. The parties

were never married. Father never established legal paternity of Aaron, who currently

lives with Mother in Mecklenburg County, North Carolina. On 17 February 2023,

---

[1] Pseudonym used for the minor child's privacy and ease of reading.

Mother petitioned to terminate Father's parental rights to Aaron under three different grounds: neglect, abandonment, and failure to properly establish or assert paternity. N.C.G.S. § 7B-1111(a)(1), (5), (7). Mother did not allege any facts of neglect or abandonment, simply stating that Father "abandoned and neglected the Minor Child." On 1 March 2023, Father petitioned to establish paternity of Aaron. The trial court stayed the legitimation proceeding on 13 April 2023.

On 26 April 2024, the trial court heard Mother's petition for termination of parental rights. At the hearing, Aaron's guardian *ad litem* (GAL) moved to dismiss the petition as to the neglect and abandonment claims for lack of supporting factual allegations. In response to the trial court's preliminary concurrence, Mother's counsel voluntarily withdrew the neglect and abandonment claims. The GAL then moved to dismiss the entire termination petition because neither Aaron's birth certificate nor any supporting documentation appeared anywhere in the record to verify Aaron's name as stated in the petition, in violation of § 7B-1104. *See* N.C.G.S. § 7B-1104(1). The petition stated Aaron's first and last name and indicated his middle initial, but did not provide his middle name. In response to the trial court's inquiry, Mother's counsel could not produce the birth certificate at any point in the hearing. The trial court declared a recess to research the birth certificate requirement prior to ruling. Following the recess from approximately 10:27 a.m. to 11:21 a.m., the trial court dismissed Mother's termination petition for lack of subject-matter jurisdiction due to Mother's statutory noncompliance and failure to include the birth certificate. Mother

timely appealed the ruling on 6 June 2024.

## II.  Appellate Jurisdiction

Mother appeals by right under N.C.G.S. § 7B-1001 because the trial court's ruling is an "order finding absence of jurisdiction . . . [that] in effect determines the action and prevents a judgment from which appeal might be taken." N.C.G.S. § 7B-1001 (a)(1)–(2) (2023).

## III.  Analysis

### A. Standard of Review

This Court reviews misapprehensions of law and questions of subject-matter jurisdiction *de novo*. *See In re Z.O.G.-I.*, 375 N.C. 858, 861 (2020) (misapprehensions); *In re M.A.C.*, 291 N.C. App. 35, 37 (2023) (subject-matter jurisdiction).

### B. Statutory Noncompliance

Under N.C.G.S. § 7B-1104, a petition for termination of parental rights must, "with respect to [unknown] facts[,] . . . state . . . [t]he name of the juvenile as it appears on the juvenile's birth certificate . . . ." N.C.G.S. § 7B-1104(1) (2023). Here, Mother's termination petition listed Aaron's first and last name as listed on his birth certificate but used only a middle initial to indicate his middle name. Mother's termination petition does not indicate whether the listed name matched Aaron's birth certificate or identify anyone who might otherwise know that information. Mother's failure to attach the birth certificate to the petition prevented the trial court from legally verifying Aaron's identity in the record.

Although Mother claims that the termination petition contains all the information that "would have appeared on the birth certificate," the trial court concluded that no additional information was included that could enable it to verify Aaron's name. Because Mother's counsel could not locate the juvenile's birth certificate despite the hour-long recess, the termination petition *prima facie* does not comply with § 7B-1104(1). Thus, we now turn to whether that noncompliance bars this Court from exercising subject-matter jurisdiction over the case.

## C. Subject-Matter Jurisdiction

Our district courts have exclusive original jurisdiction over the termination of parental rights unless certain statutory requirements have not been met. N.C.G.S. §§ 7B-200(a)(4), -1101 (2023). Subject-matter jurisdiction "never depend[s] upon the conduct, . . . consent, waiver[,] or estoppel" of the parties. *In re T.R.P.*, 360 N.C. 588, 595 (2006) (quotations omitted). A party's consent to the court's subject-matter jurisdiction or constructive actions taken by the party (*e.g.*, filing responsive pleadings) do not overrule a lack of subject-matter jurisdiction without express statutory authority. Additionally, a court's lack of subject-matter jurisdiction may be raised at any time during a pending case, including for the first time on appeal. *See In re K.J.L.*, 363 N.C. 343, 346 (2009).

Father's responsive pleadings in this case cannot confer subject-matter jurisdiction on this Court or otherwise waive its absence but are "immaterial." 360 N.C. at 595. He infers a general rule from caselaw relating to § 7B-1104 that allows

for technical noncompliance if it does not prejudice a party upon consideration of the whole record. *See In re Humphrey*, 156 N.C. App. 533, 539 (2003). In other words, a party who alleges a lack of subject-matter jurisdiction will not be found to be prejudiced if any information required under the statute can still be found within the record as a whole.

We distinguish this case from *In re Humphrey*. In *Humphrey*, the petitioning mother failed to include a statutorily mandated statement that she did not file the petition to otherwise circumvent the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA). *Id.* at 538-39. This Court affirmed the trial court's holding that her failure to do so did not negate jurisdiction because she conveyed the required information by other means. *Id.* at 539. The trial court found that the petition "did allege the existence of a proceeding in Wake County . . . regarding visitation with this child . . . [which] establish[ed] that the petition was not filed to circumvent the UCCJEA and to cure petitioner's error." *Id.* at 539. On appeal, we found that the technical noncompliance did not prejudice the respondent and therefore found subject-matter jurisdiction. *Id.*

Even if this Court applied the "general rule" proposed above *sub judice*, the information contained in the record does not cure the jurisdictional flaw. *Humphrey* found alternate methods of conveying the required information. Here, neither the petition itself nor the larger record provides enough identifying information to verify Aaron's full name. As noted, the petition gives Aaron's first name, last name, and

birthdate, but it offers no supporting documentation to confirm that information and also fails to provide a middle name. Not only is the birth certificate absent, but the petition does not even allege that the stated name matches the birth certificate.

Analyzing other provisions of N.C.G.S. § 7B-1104, this Court has held that "absent a showing of prejudice, failure to comply with . . . § 7B-1104(5) does not deprive the trial court of subject matter jurisdiction." *In re T.M.*, 182 N.C. App. 566, 571, *aff'd per curiam*, 361 N.C. 683 (2007). Because our Supreme Court affirmed *In re T.M.*, we find that it controls the interpretation of § 7B-1104(1) noncompliance.

Based on the Mother's petition and the Father's answer, it is undisputed that Mother and Father agree on the first name, middle initial, last name, and date of birth of Aaron. It is also undisputed that Aaron was born in and currently lives in Mecklenburg County, North Carolina with Mother. Father did not show prejudice from the failure to include Aaron's middle name as it appears on the birth certificate in Mother's petition and does not allege that the child has not properly been identified. Additionally, the trial court failed to find whether Mother's noncompliance prejudiced him. It is clear that our Supreme Court jurisprudence is moving away depriving trial courts of subject matter jurisdiction based on technical noncompliance in pleadings. See *Matter of S.C.L.R.*, 378 N.C. 484 (2021), *Matter of C.N.R.*, 379 N.C. 409 (2021) We have found no case law determining that failure to include a middle name deprives a trial court of subject matter jurisdiction over a juvenile. Therefore,

we extend that jurisprudence to this case and remand for a determination whether Mother's statutory noncompliance prejudiced Father in these proceedings.

## IV.     Conclusion

For the reasons above, this Court holds that the trial court erred by dismissing Mother's termination petition for lack of subject-matter jurisdiction and thus vacates and remands for a determination as to whether Mother's N.C.G.S. § 7B-1104 noncompliance prejudiced Father.

VACATED AND REMANDED.

Chief Judge DILLON concurs in a separate opinion.

Judge WOOD dissents in a separate opinion.

DILLON, Chief Judge, concurring.

I concur in the majority opinion. Based on caselaw from our Court and our Supreme Court, a technical violation of N.C.G.S. § 7B-1104 (hereinafter "the statute") regarding the information which "shall be" included in a petition does not deprive the trial court of subject-matter jurisdiction so long as the violation is not prejudicial. For instance, in a 2005 case, a panel of our Court recognized that there were conflicting lines of cases but decided to follow the earlier line which held as we are holding here today, as follows:

> [In *In re Humphrey*, from 2003], this Court concluded as follows:
>
>> We find no authority that compelled dismissal of the action solely because petitioner failed to include this statement of fact in the petition. While it is a better practice to include the factual statement as stated in the statute, under the facts in this case we find that respondent has failed to demonstrate that she was prejudiced as a result of the omission.
>
> 156 N.C. App. 533, 539 (2003). Although we note that this Court has more recently [in 2005] concluded that failure to attach a custody order results in a "facially defective" petition which "fail[s] to confer subject matter jurisdiction upon the trial court[,]" *In re Z.T.B.*, 170 N.C. App. 564, 570 (2005), we are persuaded by the reasoning as well as precedential authority of our prior decisions regarding the statute. *See In re R.T.W.*, 359 N.C. 539, 542 n.3 (2005) (citing *In re Civil Penalty*, 324 N.C. 373 (1989), in resolving conflict in this Court regarding jurisdiction over termination proceedings and noting that a second panel of this Court should have followed a prior panel's decision, "which [wa]s the older of the two cases. Had it done so, we would not have two conflicting lines of cases to resolve.").

*In re B.D.*, 174 N.C. App. 234, 241–42 (2005) (internal citations cleaned up).

And in a case cited in the majority opinion, our Supreme Court in 2007 affirmed a decision from our Court which held that the failure to include certain information which the statute states "shall be" required in a petition does not deprive a trial court of subject-matter jurisdiction if no prejudice is shown. *In re T.M.*, 182 N.C. App. 566, 571, *aff'd per curiam*, 361 N.C. 683 (2007). I note that the year after *In re T.M.*, our Supreme Court again affirmed an opinion of our Court holding that the failure to include information required by the statute was not fatal to the trial court's jurisdiction to hear the matter where the failure was not prejudicial or otherwise preserved for appellate review. *In re H.L.A.D.*, 184 N.C. App. 381, 391−92 (2007), *aff'd per curiam*, 362 N.C. 170 (2008).

Here, as noted by the majority, there is no question from the petition as to which child is subject to this proceeding, notwithstanding that the child's full name was not listed in the petition. Accordingly, I concur.

WOOD, Judge, dissenting.

I respectfully dissent from the majority opinion holding that the trial court erred by dismissing Mother's petition for termination of parental rights for lack of subject matter jurisdiction without a determination of prejudice. I agree with the majority that the termination petition *prima facie* does not comply with N.C. Gen. Stat. § 7B-1104(1). However, I disagree with the majority's conclusion that the matter should be remanded to the trial court for a determination of prejudice to Father in deciding whether Mother's failure to comply with N.C. Gen. Stat. § 7B-1104 deprived the trial court of subject matter jurisdiction. I would hold Mother's failure to provide the full legal name of the juvenile as contained on the birth certificate in the petition is jurisdictional, and, therefore, would affirm the trial court's dismissal of the petition for lack of subject matter jurisdiction.

A petition for termination of parental rights must

> be verified by the petitioner or movant and shall be entitled "In Re (last name of juvenile), a minor juvenile", who shall be a party to the action, and *shall set forth* such of the following *facts as are known*; and with respect to the *facts which are unknown* the petitioner or movant *shall* so state:
>
> (1) *The name of the juvenile as it appears on the juvenile's birth certificate*, the date and place of birth, and the county where the juvenile is presently residing.

N.C. Gen. Stat. § 7B-1104 (emphasis added). "Our appellate courts have consistently held that the use of the word "shall" in a statute indicates what actions

are required or mandatory." *Morningstar Marinas/Eaton Ferry, LLC v. Warren Cnty.*, 233 N.C. App. 23, 28, 755 S.E.2d 75, 79 (2014) (citations omitted). Our Supreme Court has stated, "ordinarily, the word "must" and the word "shall," in a statute are deemed to indicate a legislative intent to make the provision of the statute mandatory, and a failure to observe it fatal to the validity of the purported action[.]" *State v. House,* 295 N.C. 189, 203, 244 S.E.2d 654, 661-62 (1978); *see also Internet E., Inc. v. Duro Communications, Inc.*, 146 N.C. App. 401, 405-06, 553 S.E.2d 84, 87 (2001) ("The word "shall" is defined as "must" or "used in laws, regulations, or directives to express what is mandatory.").

Here, Mother's petition failed to comply with the *mandatory* statutory requirements, as the petition: (1) listed the juvenile's first and last name, but used an initial for his middle name; (2) did not allege that the juvenile's name was "as it appears on the juvenile's birth certificate[;]" and (3) failed to attach the birth certificate to the petition, in order for the trial court to verify the juvenile's identity. If Mother is indeed the juvenile's mother, she would undoubtedly know the juvenile's full name as it appears on the birth certificate. In other words, noncompliance with the *mandatory* statutory requirements could have been easily avoided.

Significantly, the juvenile's Guardian ad Litem ("GAL") made the motion to dismiss the termination petition for lack of subject matter jurisdiction and pursuant to North Carolina Rule of Civil Procedure 12(b)(6). N.C. Gen. Stat. § 1A-1, Rule 12(b)(6). Mother voluntarily dismissed the allegations of abandonment and neglect

following the GAL's arguments. The trial court ultimately dismissed Mother's petition for lack of subject matter jurisdiction after determining, in the absence of a birth certificate in the record, it was unable to verify that the name of the juvenile was as it appears on the birth certificate. Mother could have been seeking to terminate parental rights to Aaron *Joseph* Ball[2] or to Aaron *John* Ball, and given the petition's other serious deficiencies, Respondent may not be the father of the juvenile allegedly at issue, as there could be more than one juvenile with the same or similar name. The majority opines that it is "undisputed" that the parties share only one child; however, that information cannot be known from the petition. In determining jurisdiction, we look to the allegations in the petition. The face of the petition does not conclusively identify the juvenile over which the trial court was to exercise subject matter jurisdiction.

"Under our Juvenile Code, a trial court's subject-matter jurisdiction 'arises upon the filing of *a properly verified juvenile petition* and extends through all subsequent stages of the action.'" *In re M.A.C.*, 291 N.C. App. 35, 38, 893 S.E.2d 556, 560 (2023) (citation omitted) (emphasis added). As discussed *supra*, under N.C. Gen. Stat. § 7B-1104, a petition "*shall* set forth" facts that are known, and those which are unknown, including "the name of the juvenile as it appears on the juvenile's birth certificate."

---

[2] A pseudonym is used to protect the identity of the juvenile pursuant to N.C. R. App. P. 42(b).

*WOOD, J., dissenting*

In reaching its holding, the majority cites *In re T.M.*, 182 N.C. App. 566, 643 S.E.2d 471, *aff'd per curiam*, 361 N.C. 683 (2007). There, DSS failed to attach the order granting DSS custody of the juvenile to the petition; however, the petition alleged DSS had custody of the juvenile and that a copy of the order was attached as an exhibit to the petition, as required under N.C. Gen. Stat. § 7B-1104(5). *Id.* at 572, 643 S.E.2d 475. The trial court took judicial notice of the underlying file, which contained evidence that DSS had custody of the juvenile and that the mother was aware of the juvenile's custody with DSS throughout the case. On appeal, the mother challenged the trial court's exercise of jurisdiction, arguing that the custody order was not attached as statutorily required. The Court in *In re T.M.* held, "absent a showing of prejudice, failure to comply with N.C. Gen. Stat. § 7B-1104(5) does not deprive the trial court of subject matter jurisdiction." *Id.* at 571, 643 S.E.2d at 475. In other words, because the record *clearly* contained evidence that DSS had custody of the juvenile and the mother admittedly was aware of this, the mother was unable to demonstrate prejudice and the trial court properly exercised jurisdiction.

*In re T.M.* is distinguishable from the present case. The juvenile's name as alleged on the petition—with the middle name as the initial "J."—is not the name of the juvenile as listed on the birth certificate. Further, the petition did not allege that "[t]he name of the juvenile [is] as it appears on the juvenile's birth certificate," as required under N.C. Gen. Stat. § 7B-1104(1). Unlike *In re T.M.*, the record before us is devoid of any evidence sufficient to meet this statutory requirement. The birth

certificate does not appear in the record and *nowhere within the record* can the full name of the juvenile, as listed on the birth certificate, be found. Simply stated, there is nothing in the record from which the trial court could determine the juvenile's identity. Thus, the petition's failure to satisfy the requirements of a *properly verified juvenile petition* proves fatal.

The majority further reasons that our Supreme Court jurisprudence is moving away from depriving trial courts of subject matter jurisdiction based on technical noncompliance in pleadings, referring to *In re S.C.L.R.*, 378 N.C. 484, 861 S.E.2d 934 (2021) and *In re C.N.R.* 379 N.C. 409, 866 S.E.2d 666 (2021) to support its position. However, in *In re S.C.L.R.*, our Supreme Court contemplated N.C. Gen. Stat. § 7B-1104(2), to determine "whether the provision of petitioners' names, address, and other facts in the petition [were] 'sufficient to identify . . . petitioner[s] as . . . one authorized by [N.C.]G.S. [§] 7B-1103 to file a petition [for termination of parental rights].' " *Id.* at 487, 861 S.E.2d at 838. The Court noted that N.C. Gen. Stat. § 7B-1104(2) "does not require specific language for compliance," rather, it requires that the petition allege certain information to reach a threshold level of sufficiency. The Court in *In re S.C.L.R.* held, after an examination of the record, that the allegations in the petition were sufficient to comply with N.C. Gen. Stat. § 7B-1104(2). Due to this compliance, the Court declined to address whether noncompliance would have deprived the trial court of jurisdiction. Meaning, the Court in *In re S.C.L.R.* did not contemplate whether "technical noncompliance" deprives a trial court of jurisdiction,

as there, the petition complied with § 7B-1104(2). In the present case, unlike *In re S.C.L.R.*, N.C. Gen. Stat. § 7B-1104(1) requires that the petition allege specific language, the name of the juvenile as contained on juvenile's birth certificate, and information for compliance. Moreover, as discussed *supra*, nowhere within the record can such information be found in order to assess compliance.

In *In re C.N.R.* the respondent parents argued the trial court lacked subject matter jurisdiction when it entered its termination order, as the verification form attached to the termination motion did not include the date of verification. *In re C.N.R.*, 379 N.C. at 413, 866 S.E.2d at 670; *see also* N.C. Gen. Stat. § 7B-1104 ("The petition, or motion pursuant to G.S. 7B-1102, shall be verified by the petitioner or movant."). The form stated, "[s]worn to and subscribed before me this ___ day of May, 2020," therefore, neither the director of HSA or the notary public filled the blank into which the date was to be inserted. *Id.* The Court first noted "[t]he Juvenile Code does not prescribe a method for verifying a petition or motion." *Id.* 379 N.C. at 415, 866 S.E.2d at 671. Further, the Notary Public Act contains a "presumption of regularity," which upholds notarized documents despite minor defects, if there was "substantial compliance with the law." The Court in *In re C.N.R.* ultimately held that despite the failure to date the verification, the termination motion substantially complied with the verification requirement in N.C. Gen. Stat. § 7B-1104. Thus, the trial court properly exercised jurisdiction and the failure to include the date of the verification did not affect the validity of the pleading itself. Similar to *In re S.C.L.R.*,

- 15 -

the Court in *In re C.N.R.* contemplated compliance with the statutory language, not whether a "technical noncompliance" deprives a trial court of jurisdiction.

It is true, as the majority notes, our Court has previously held that absent a showing of prejudice, failure to comply with the statute does not *necessarily* deprive the trial court of subject matter jurisdiction. However, the failure to provide the juvenile's full name as contained on the birth certificate, and thus properly identify the child who is the subject of the action, is a fatal defect and renders the petition invalid and robs the trial court of subject matter jurisdiction. Stated differently, we need not consider prejudice under the facts of this case because the petition is invalid as filed.

Furthermore, as discussed *supra*, the juvenile's GAL made the motion to dismiss the termination petition for lack of subject matter jurisdiction, not Father. A GAL is appointed "to represent the juvenile" and advocate on behalf of the juvenile's best interests. *In re R.A.H.*, 171 N.C. App. 427, 429, 614 S.E.2d 382, 383 (2005) (citation omitted). "In furtherance of this responsibility, it is within the purview of a guardian ad litem to stand in for the juvenile and accept service of a petition on a juvenile's behalf." *In re S.D.J.*, 192 N.C. App. 478, 481, 665 S.E.2d 818, 821 (2008) (citations omitted). The majority's focus on whether Mother's noncompliance prejudiced *Father* is thus misplaced. If it were necessary to contemplate prejudice, the appropriate inquiry would be whether Mother's noncompliance prejudiced the juvenile, the party who made the motion through the GAL who represents the

juvenile. *See In re L.T.*, 374 N.C. 567, 569, 843 S.E.2d 199, 200 (2020) ("This Court presumes the trial court has properly exercised jurisdiction unless the party challenging jurisdiction meets its burden of showing otherwise.").

"It is well established that fatal defects in an indictment or a juvenile petition are jurisdictional, and thus may be raised at any time[.]" *In re S.R.S.*, 180 N.C. App. 151, 153, 636 S.E.2d 277, 279-280 (2006) (cleaned up). As the petition did not include the juvenile's name as listed on the birth certificate or contain any attachments sufficient to identify the juvenile or verify the juvenile's name, the petition violates N.C. Gen. Stat. § 7B-1104 and is fatally defective. Thus, I would affirm the trial court's dismissal of the termination of parental rights petition.